State of Wisconsin, Plaintiff-Respondent,
v.
Gerald Heckathorn, Defendant-Appellant.
No. 2004AP661-CR.
Court of Appeals of Wisconsin.
Opinion Filed: April 21, 2005.
Before Deininger, P.J., Vergeront and Lundsten, JJ.
¶1 PER CURIAM.
Gerald Heckathorn appeals a conviction for possessing marijuana in excess of 2500 grams, with intent to deliver it. He also appeals an order denying postconviction relief. Heckathorn entered a plea to the charge after the trial court denied an untimely suppression motion. The issue is whether he received effective representation from the attorney who filed the untimely motion. We affirm because we agree with the trial court's conclusion that counsel's negligence was not prejudicial in that Heckathorn could not have succeeded on the merits of his motion.
¶2 Heckathorn was serving probation on a forgery conviction. An anonymous informant called the Madison Police Department tip line to report that someone named "Jerry" was selling marijuana at 1314 Williamson Street, where Heckathorn lived with several others. The informant described the premises well enough to indicate that he had been in the apartment.
¶3 The officer taking the informant's call relayed the information to Heckathorn's probation officer. The probation officer recognized the description of Heckathorn's apartment, and concluded that "Jerry" was Heckathorn because nobody else going by the name "Jerry" lived at the apartment. The officer knew that Heckathorn had tested positive for marijuana seven times during his probation and that Heckathorn admitted to a history of illegal drug use, including an addiction to heroin.
¶4 Based on the anonymous tip and the probation officer's background information, the probation officer decided to search Heckathorn's apartment. That search produced the evidence of drugs that led to this prosecution.
¶5 One day before Heckathorn's jury trial, his attorney filed a motion to suppress the evidence seized at the apartment, arguing that the probation officer lacked reasonable grounds for the search. On the morning of the trial, the trial court denied the motion as untimely, without addressing its merits. Heckathorn subsequently entered a guilty plea. In postconviction proceedings, he contended that counsel's untimeliness cost him the opportunity to suppress the evidence used to prosecute him. After hearing testimony concerning the decision to search, the trial court concluded that Heckathorn would have lost the suppression motion even if the trial court had decided it on the merits.
¶6 A probation agent may search a probationer's residence on reasonable grounds to believe it contains contraband. WIS. ADMIN. CODE § DOC 328.21(3)(a) (held constitutional in State v. Griffin, 131 Wis. 2d 41, 61, 388 N.W.2d 535 (1986), aff'd, Griffin v. Wisconsin, 483 U.S. 868 (1987)). The factors used to determine reasonable grounds, as set forth in WIS. ADMIN. CODE § DOC 328.21(7) include: information provided by informants; the reliability of the informant and of the informant's information; activity of and information about the client that relates to the potential contraband; and the DOC's experience with the client.
¶7 Heckathorn contends on appeal that he was prejudiced by counsel's untimely motion because the evidence presented at his postconviction hearing shows that his probation officer did not have reasonable grounds to search his apartment for contraband. As Heckathorn acknowledges, his ineffectiveness claim depends on a favorable suppression ruling: without it he cannot demonstrate prejudice, a necessary component of his claim. See State v. Pitsch, 124 Wis. 2d 628, 633, 369 N.W.2d 711 (1985). Because Heckathorn does not challenge the trial court's findings of fact but, rather, their legal significance, we decide the merits of his suppression issue de novo, as a matter of law. See State v. Benton, 2001 WI App 81, 195, 243 Wis. 2d 54, 625 N.W.2d 923.
¶8 We conclude that Heckathorn's probation officer had reasonable grounds to search his apartment. We agree with Heckathorn that an unsubstantiated anonymous tip is insufficient to justify a probation search. However, in this case, there was substantiation. The informant left no doubt that he had been in Heckathorn's apartment, and gave sufficient information to identify Heckathorn among several people living in the apartment. The information was consistent with the probation officer's knowledge of Heckathorn's past drug activity, including his apparent extensive use of marijuana while on probation. The combination of Heckathorn's past involvement with drugs and the detailed information in the informant's statement provided the necessary reasonable grounds. The trial court therefore properly concluded that Heckathorn failed to demonstrate prejudice from counsel's untimely filing.
By the Court.  Judgment and order affirmed.